# In the United States Court of Federal Claims

No. 18-1292C
(Filed December 3, 2024)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * *
                               *
                               *
                               *
DANUTA YSLA,                   *
HENRIETTA HARGRESS DAVIS,      *
GLORIYADI ECHEVARRIA,          *
ARLENE FRANCES HOBBS,          *
TIERRA L. KELLY,               *
JULIA M. MULDROW,              *
on behalf of themselves and    *
all others similarly situated, *
                               *
               Plaintiffs,     *
                               *
       v.                      *
                               *
THE UNITED STATES,             *
                               *
               Defendant.      *
                               *
                               *
* * * * * * * * * * * * * * * * *
```

## ORDER

The matter before the Court is the Plaintiffs' Motion to Certify Class (Pls.' Mot.), ECF No. 57, brought under Rule 23 of the Rules of the United States Court of Federal Claims (RCFC). The government does "not dispute that the requirements for maintaining a class action under RCFC 23 are met in this case." Def.'s Resp. to Pls.' Mot. to Certify Class, ECF No. 58, at 1. The Court has reviewed the motion and agrees that class certification is proper under RCFC 23. The Court accordingly **GRANTS** plaintiffs' motion for class certification.

Under RCFC 23(a), four requirements must be met to allow class certification:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

RCFC 23(a). Furthermore, under RCFC 23(b), the class action may be maintained if:

(2) the United States has acted or refused to act on grounds generally applicable to the class; and

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(A) the interest of members of the class in individually controlling the prosecution of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by members of the class; and

(C) the difficulties likely to be encountered in the management of the class action.

RCFC 23(b).

Our court has previously granted class certification in similar situations. *See Curry v. United States*, 81 Fed. Cl. 328 (2008); *Barnes v. United States*, 68 Fed. Cl. 492 (2005). As the government does not dispute, plaintiffs here meet all requirements for class certification. First, the class is sufficiently numerous with an estimated number of 155,707 potential plaintiffs in the class. Pls.' Mot. at 1; *see* RCFC 23(a)(1). Second, as premium pay was uniformly denied to "all putative class members," the questions of law and fact at issue in the case are in common. Pls.' Mot. at 11; *see* RCFC 23(a)(2). Third, due to the uniform denial of back pay, the claims of the named plaintiffs are typical of the proposed class. Pls.' Mot. at 12; *see* RCFC 23(a)(3). Lastly, plaintiffs assure there are no conflicts of interest between the named plaintiffs and proposed class members. Pls.' Mot. at 15; *see* RCFC 23(a)(4). Moreover, plaintiffs' experienced and accomplished counsel are unquestionably adequate to serve as class counsel under RCFC 23(g)(1) and (4). *See* Pls.' Mot. at 15, Ex. 2; RCFC 23(a)(4).

For a class action to be maintained in this court, the Court must find that it is the superior method for the fair and efficient adjudication of the controversy. RCFC 23(b)(3); *see also Curry*, 81 Fed. Cl. at 337–38. Plaintiffs demonstrated this superiority. The claims are too small to justify separate suits by the thousands of individual proposed class members, yet compose a manageable class action because the payment calculations are easily determinable through records managed by the government. Pls.' Mot. at 14.

Plaintiffs have sufficiently met the requirements for class certification. As agreed by the parties, the class shall consist of "all former and current Department of Veterans Affairs registered nurses, physician assistants, and expanded-function dental auxiliaries" who did not receive premium payments, as described on pages five to six of Plaintiffs' Motion to Certify Class.† The Court appoints Roger Marzulla and Ira Lechner as class counsel.

For the reasons stated above, this Court **GRANTS** Plaintiffs' Motion to Certify Class. On or by **Monday, December 23, 2024**, the parties shall confer and submit a joint status report addressing proposed deadlines for completing the opt-in notice procedures, completing discovery regarding potential class members and amounts owed to each class member, and any other related matters.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge

---

† The class is fully defined on pages five and six of the plaintiffs' motion as:

. . . all former and current Department of Veterans Affairs registered nurses, physician assistants, and expanded-function dental auxiliaries who, from August 23, 2012 to the present, defined as employees who:

- regularly and customarily worked overtime and did not receive overtime additional pay when on paid leave or absent due to a holiday;
- did not receive Saturday premium pay while on administrative leave; investigative or notice leave; weather and safety leave; disabled veteran leave; military training leave; leave for jury or witness service; absence of veterans to attend funeral service; absence in connection with funerals of immediate relatives in the Armed Forces; absence in connection with serving as a bone-marrow or organ donor; absence due to a holiday but not absence due to annual or sick leave;
- did not receive nighttime differential pay while on annual or sick leave (up to 8 hours per pay period);
- did not receive nighttime differential pay when on disabled veteran leave, administrative leave, investigative or notice leave, weather and safety leave; and
- did not receive differential and premium pay while on veterans' leave to attend military funerals, court leave, military leave, leave for funerals of armed forces relatives, and bone-marrow or organ donor leave, or absent due to a holiday.

Pls.' Mot. at 5–6.