# In the United States Court of Federal Claims

No. 18-1292C
(Filed March 7, 2025)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
DANUTA YSLA,                     *
HENRIETTA HARGRESS DAVIS,        *
GLORIYADI ECHEVARRIA,            *
ARLENE FRANCES HOBBS,            *
TIERRA L. KELLY,                 *
JULIA M. MULDROW,                *
on behalf of themselves and      *
all others similarly situated,   *
                                 *
                 Plaintiffs,     *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
                 Defendant.      *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Before the Court is the Joint Motion to Approve Notice to Prospective Class Members (Joint Mot.), ECF No. 66, brought under Rule 23 of the Rules of the United States Court of Federal Claims (RCFC). The Joint Motion included the parties' proposed plan for providing notice to prospective class members and the proposed procedure for distributing the notice, as well as proposed language for the proposed notice, the proposed abbreviated postcard notice, and the proposed opt-in form. *See* Joint Mot. at 2, 4, Ex. 1, Ex. 2, Ex. 3. After review, the Court identified various sections of the proposed notice and postcard notice where edits were needed to create the "best notice that is practicable under the circumstances." RCFC 23(c)(2)(B). Following a status conference held on February 20, 2025, in which the

parties and the Court discussed proposed changes, the parties submitted a Joint Status Report, ECF No. 69, including a revised proposed notice, revised proposed postcard notice, and revised opt-in form.  *See* Ex. 1, Ex. 2, Ex. 3.  Upon further review, the Court suggested two edits to the revised notice (Joint Status Report Ex. 1), namely: (1) in the last line of page 5 of the proposed notice, the words "to present" should be added following "August 23, 2012"; and (2) the language "unless you choose to retain your own attorney" should be added to the end of the last sentence of point 16 on page 8 of the proposed notice.  The parties concurred in these edits.

Under RCFC 23(c)(2)(B), the court "must direct to class members the best notice that is practicable under the circumstances" that "clearly and concisely state[s]" in easily understood language:

(i)     the nature of the action;
(ii)    the definition of the class certified;
(iii)   the class claims, issues, or defenses;
(iv)    that a class member may enter an appearance through an attorney if the member so desires;
(v)     that the court will include in the class any member who requests inclusion;
(vi)    the time and manner for requesting inclusion;
(vii)   the binding effect of a class judgment on members under RCFC 23(c)(3); and
(viii)  that the court may permit withdrawal from the class of a member who initially requested inclusion.

RCFC 23(c)(2)(B).  The notice shall be provided through "United States mail, electronic means, or other appropriate means."  *Id*.

The parties proposed a plan for providing notice to prospective plaintiffs through "both digital and U.S. mail communications." Joint Mot. at 2.  A Class Administrator will create and maintain a dedicated website for the class which shall display the notice and provide instructions for opting-in to the class, will mail the postcard notice to the prospective class members, and will create and maintain a helpline for prospective class members.  *See* Joint Mot. at 3.  As this Court approved a similar notice procedure in *Quimby v. United States*, 107 Fed. Cl. 126 (2012), the Court finds this procedure is likely to produce the best notice practicable, satisfying RCFC 23(c)(2)(B).

As discussed above, the parties provided language for the proposed notice to prospective class members that will be posted on the website, the proposed abbreviated postcard notice that will be mailed to the prospective class members, and the opt-in form to be used by prospective class members to join the class.  Joint Mot. at Ex. 1, Ex. 2, Ex. 3.  While the Court found the opt-in form met the

requirements of Rule 23(c)(2)(B), it identified several aspects of the proposed notice and proposed postcard notice that failed to satisfy Rule 23(c)(2)(B).  After discussion with the Court, the parties amended and filed revised documents.  *See* Joint Status Report, ECF No. 69.  Following initial amendment by the parties, the Court suggested additional minor modifications to provide consistency and clarity to the prospective class members.  The parties agreed to the suggestions.  By implementing the various amendments, the parties created language much like that approved by this Court in *Quimby*.†  With the amendments and pursuant to Rule 23(c)(2)(B) of the Rules of the United States Court of Federal Claims, the Court is now satisfied that the documents represent "the best notice that is practicable under the circumstances" and meet the specific requirements of subsections (i) through (vii).  RCFC 23(c)(2)(B).

For the reasons stated above, this Court **GRANTS** the Joint Motion to Approve Notice to Prospective Class Members, as amended.  The official notice and postcard notice are hereby approved for mailing and posting to potential class members.  In accordance with the December 19, 2024 Order, ECF No. 63, adopting the schedule proposed by the parties in the joint status report of that same day, *see* ECF No. 62, the Court requests that the parties file a status report informing the Court of the date the notices are mailed and the resulting deadlines.

**IT IS SO ORDERED.**

                                                          s/ Victor J. Wolski
                                                          **VICTOR J. WOLSKI**
                                                          Senior Judge

---

† *See* Status Report, ECF No. 122, and Status Report Order, ECF No. 123, *Quimby v. United States*, No. 02-101C.